IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Joseph Racey, | § | |
| | § | |
| Plaintiff | § | |
| | § | C.A. NO. 4:19-cv-01171 |
| v. | § | |
| | § | JURY DEMAND |
| Union Pacific Railroad Company, | § | |
| | § | |
| Defendant | § | |

## UNION PACIFIC RAILROAD COMPANY'S
## ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THIS HONORABLE COURT:

COME NOW Defendant Union Pacific Railroad Company ("Union Pacific"), and for its Answer to the Original Complaint filed by Joseph Racey, restates Complainant's allegations and answers as follows:

### PARTIES

1. Mr. Racey resides in Cypress, Texas.

**ANSWER:** Defendant admits the allegations made in Paragraph 1 of the Complaint.

2. At all times material herein, UP was and is a Delaware corporation organized and existing as a railroad carrier engaged in interstate commerce. It operates tracks in this district including the location where Mr. Racey was injured.

**ANSWER:** Defendant admits the allegations made in Paragraph 2 of the Complaint.

3. At all times material herein, Mr. Racey was an employee of UP, having been hired as a Maintenance of Way worker on or around October 31, 2011, and working for UP consistently until his termination on or around June 29, 2017.

**ANSWER:** Defendant admits the allegations made in Paragraph 3 of the Complaint.

1

## JURISDICTION & VENUE

4. Count I of this action (below) arises under the Federal Employers' Liability Act, codified at 49 U.S. C. §§51-60, and related statutes and regulations. The action is timely under this statute, as fewer than three years have elapsed since the injury occurred.

**ANSWER:** **Defendant admits the allegations made in Paragraph 4 of the Complaint.**

5. Count II of this action (below) arises under the whistleblower protection provisions of the Federal Rail Safety Act codified at 49 U.S.C. §20109. On or about November 27, 2017, Mr. Racey filed a complaint with the Secretary of Labor alleging that UP had violated one or more protections codified at 49 U.S.C. §20109. This complaint was timely as less than 180 days had passed since adverse employment action suffered by Mr. Racey. More than 210 days have elapsed since Mr. Racey filed that complaint, the Secretary of Labor has not issued a final decision and the delay is not due to any bad faith on the part of Mr. Racey.

**ANSWER:** **Defendant denies the allegations as made in Paragraph 5 of the Complaint. A claim for relief pursuant to the Federal Rail Safety Act, codified at 49 U.S.C. §20109, must be filed within 180 days of the alleged retaliatory conduct. Complainant filed his original Complaint before the Occupational Safety and Health Administration (OSHA) on November 29, 2017. Accordingly, any alleged discriminatory conduct occurring before June 2, 2017 is not timely and must be excluded as a matter of law.**

6. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. §1391. A substantial part of the events, acts, and/or omissions giving rise to the claim in this action occurred in this judicial district. Mr. Racey resides in this judicial district. Because UP conducts business in this judicial district and has sufficient contacts with this judicial district, this Court has personal jurisdiction over UP.

**ANSWER:** **Defendant does not contest venue as alleged in Paragraph 6 of the Complaint.**

## Count I: Federal Employers' Liability Act

7. Each and every preceding paragraph is incorporated herein in its entirety by this reference.

**ANSWER:** **Defendant incorporates herein its responses to the preceding paragraphs.**

8. On or about June 1, 2017, Racey was engaged in the course and scope of his employment for Defendant UP, and all or part of his duties as an employee were in furtherance of interstate or foreign commerce and/or directly or closely and substantially affected such commerce.

**ANSWER:** **Defendant admits that on June 1, 2017, Complainant was employed by Defendant as alleged in Paragraph 8 of the Complaint and that Complainant was engaged in activity in the course and scope of his employment at the time of the alleged injury, and that such employment was in furtherance of interstate commerce.**

9. While engaged in the scope of his employment, Mr. Racey was in a disabled machine called a ballast regulator. Pursuant to company practices, Racey's machine was being pushed by another ballast regulator operated by employee Melvin Woolridge.

**ANSWER:** **Defendant admits the allegations made in Paragraph 9 of the Complaint.**

10. Because his machine was disabled, Mr. Racey has no ability to control it and was dependent on Mr. Woolridge to stop at a designated point. Woodridge failed to stop and did not respond to Mr. Racey's hand signals he was using in an attempt to have Woolridge stop. Mr. Racey wasn't provided with a working radio to communicate with Woolridge. Racey's machine was pushed violently into another UP vehicle.

**ANSWER:** **Defendant denies the allegations as made in Paragraph 10 of the Complaint. Defendant admits that Complainant was in a ballast regulator being pushed by another vehicle operated by Melvin Woolridge. Defendant contests the remainder of the allegations in Paragraph 10 and contests the severity of the collision detailed therein.**

11. As a result of the incident, Mr. Racey suffered severe and disabling injuries to his neck, back, arm, and other parts of his body as well as Post Traumatic Stress Disorder (PTSD).

**ANSWER:** **Defendant denies the allegations as made in Paragraph 11 of the Complaint. Defendant contests the severity of Complainant's injuries and that the events in question were proximately caused, or caused in fact, by the events in question.**

12. The above-described injuries were caused, in whole or in part, by the negligence of UP and/or its managers, and/or its employees. Such negligence includes, but is not limited to:

   a. Failure to exercise due and reasonable care in providing Mr. Racey with a reasonably safe place to work;

   b. Failure to provide Mr. Racey with reasonably safe equipment, tools, machinery, and/or personnel to perform his job, including failure to provide a working radio or other communication devise;

   c. Failure to take reasonable adequate precautionary steps to protect Mr. Racey from the reasonably foreseeable dangers associated with this work;

   d. Failure to provide proper lookout to halt the movement; and

   e. Failure to provide proper rules, practices and procedures for moving disabled machines; and

   f. Other acts of negligence.

**ANSWER:** **Defendant denies the allegations as made in Paragraph 12 of the Complaint, including sub parts (a) – (f). Defendant denies any negligence on its part in the events giving rise to this cause of action.**

13. Due in whole or in part to UP's negligence, Mr. Racey suffered injuries and has suffered and will continue to suffer physical and mental pain and/or anguish and loss of enjoyment of life.

**ANSWER:** **Defendant denies the allegations as made in Paragraph 13 of the Complaint. Defendant denies any negligence on its part in the events giving rise to this cause of action, that those events were a cause of Complainant's alleged injuries, and further contests the severity of Complainant's injuries, whatever their cause.**

14. Due in whole or in part to UP's negligence, Mr. Racey suffered loss of wages and fringe benefits; may continue to sustain a loss of wages and fringe benefits into the future; may continue to suffer loss or diminution of his earning capacity; and has incurred and may continue to incur into the future expense for medical, hospital, nursing, and related care.

**ANSWER:** **Defendant denies the allegations as made in Paragraph 14 of the Complaint. Defendant denies any negligence on its part in the events giving rise to this cause of action, that those events were a cause of Complainant's alleged injuries, and further contests the severity of Complainant's injuries and corresponding damages, whatever their cause.**

15. As a result of the facts alleged, Mr. Racey has been damaged both specifically and generally.

**ANSWER:** **Defendant denies the allegations as made in Paragraph 15 of the Complaint. Defendant denies any negligence on its part in the events giving rise to this cause of action, that those events were a cause of Complainant's alleged injuries, and further contests the severity of Complainant's injuries and corresponding damages, whatever their cause.**

16. Mr. Racey demands judgment in his favor against Defendant UP for an amount in excess of the jurisdictional minimum of this Court, together with interest, costs, and such other damages as may be allowed by law.

**ANSWER:** **Defendant contests any claim for damages as alleged in Paragraph 16 of the Complaint. Defendant denies any negligence on its part in the events giving rise to this cause of action, that those events were a cause of Complainant's alleged injuries, and further contests the severity of Complainant's injuries and corresponding damages, whatever their cause.**

## Count II – Federal Rail Safety Act

17. Each preceding paragraph is incorporated herein by this reference.

**ANSWER:** **Defendant incorporates herein its responses to the preceding paragraphs.**

18. Mr. Racey engaged in various incidents of protected activity, as statutorily defined by the whistleblower-protection provisions of the Federal Rail Safety Act, codified at 49 U.S.C. §20109. These protected activities include, but are not necessarily limited to:

a. Notifying or attempting to notify UP of a work-related personal injury when he informed his managers that he was injured in the collision on June 1, 2017.

b. Reporting in good faith a hazardous safety condition when he informed his managers of the absence of a working radio and other dangers involving the movement of the disabled machine;

c. Requesting medical treatment for his injuries;

d. Notifying or attempting to notify UP of a work-related personal injury when he completed a personal injury report on or about June 1, 2017;

e. Reporting in good faith a hazardous safety condition when he informed his managers of the absence of a working radio and other dangers involving the movement of the disabled machine in completing his personal injury report on or about June 1, 2017.

f. Reporting in good faith a hazardous safety condition when he informed UP of the lack of working radio and other safety practices and procedures during UP's first on property investigation on or about June 13, 2017 and again during the second on-property-investigation on or about June 20, 2017.

**ANSWER: Defendant admits that Complainant's conduct, as alleged in Paragraph 18 of the Complaint, meets the definition of "protected activity" as provided in the provisions of the Federal Rail Safety Act, codified at 49 U.S.C. §20109.**

19. UP, its officers, and/or its employees took actions to reprimand, suspend, or in some other way discriminate against Mr. Racey, such as:

a. On or about June 2, 2017 UP issued Mr. Racey a notice of investigation falsely claiming that Mr. Racey was told to wait at the injury site for a drug test;

b. On or about June 13, 2017, UP subjected Mr. Racey to an on-property investigation for this baseless claim;

c. On or about June 14, 2017, UP issued a notice of investigation falsely claiming that Mr. Racey was negligent in causing the collision of June 1, 2017;

d. On or about June 20, 2017, UP subjected Mr. Racey to a second on-property investigation;

e. On or about June 29, 2017, UP terminated Mr. Racey's employment; and

> f. On or around the time of each of these events, UP noted these things on Mr. Racey's employment record, creating a potential for blacklisting.

**ANSWER:** **Defendant denies the allegations as made in Paragraph 19 of the Complaint. Defendant admits that Complainant was subject to a formal investigation, as provided for by collective bargaining agreement with his union, but Defendant specifically denies that any such investigation or subsequent action in any way was discriminatory, retaliatory, or in violation of the Federal Rail Safety Act, codified at 49 U.S.C. §20109.**

20. At the time that UP took the above-described adverse actions, UP, its employees, and/or its officers were aware that Mr. Racey had engaged in protected activity.

**ANSWER:** **Defendant denies the allegations as made in Paragraph 20 of the Complaint. Defendant admits that Complainant was subject to a formal investigation, as provided for by collective bargaining agreement with his union, but Defendant specifically denies that any such investigation or subsequent action in any way was discriminatory, retaliatory, or in violation of the Federal Rail Safety Act, codified at 49 U.S.C. §20109.**

21. UP's decisions to terminate and discriminate against Mr. Racey was due, in whole or in part, to his engagement in protected activity. That is evidenced by facts and circumstances including but not limited to the following:

> a. There is close temporal proximity between the protected activities and the adverse action; and
>
> b. Mr. Racey's protected activity is "inextricably intertwined" with the adverse actions he was subjected to. *See Raye v. Pan Am Railways, Inc.,* 2013-FRS-84 (OALJ June 25, 2014) at pg. 10 (holding that when protected activity and adverse action are inextricably intertwined, there is a presumptive inference of causation), *aff'd,* No. 14-074, 2016 WL 5340238 (ARB Sept. 8, 2016).

**ANSWER:** **Defendant denies the allegations as made in Paragraph 21 of the Complaint. Defendant admits that Complainant was subject to a formal investigation, as provided for by collective bargaining agreement with his union, but Defendant specifically denies that any such investigation or subsequent action in any way was discriminatory, retaliatory, or in violation of the Federal Rail Safety Act, codified at 49 U.S.C. §20109.**

22. As a result of the actions that UP and its decision-makers took to terminate and discriminate against Mr. Racey, he has suffered damages that include but are not limited to:

a. Loss of wages and benefits;

b. Negative remarks in his personnel files that may lead to blacklisting;

c. Emotional distress and/or loss of enjoyment of life; and

d. Other consequential damages including but not limited to litigation costs and reasonable attorneys' fees.

**ANSWER: Defendant denies the allegations as made in Paragraph 22 of the Complaint. Defendant admits that Complainant was subject to a formal investigation, as provided for by collective bargaining agreement with his union, but Defendant specifically denies that any such investigation or subsequent action in any way was discriminatory, retaliatory, or in violation of the Federal Rail Safety Act (FRSA), codified at 49 U.S.C. §20109. Accordingly, Defendant contest any claim of injury or damages made pursuant to the FRSA.**

23. Base on all of the allegations outlined above, Mr. Racey demands and prays that the Court enter judgment in his favor against Defendant UP for all relief necessary to make Mr. Racey whole, including but not limited to relief in the form of:

   a. An award of back pay with interest appropriately compounded;

   b. An award of benefits lost, including but not limited to credit for months of service that Mr. Racey would have earned with the Railroad Retirement Board absent UP's unlawful termination of his employment;

   c. An award for emotional distress, pain, suffering, and loss of enjoyment of life;

   d. An award for any unreimbursed medical expenses retraining tuition, and/or relocation costs;

   e. An award for any and all other compensatory damages, including litigation costs and reasonable attorneys' fees;

   f. An award for the negative tax consequences of compensatory damages;

   g. An award of any other costs, disbursements, and interest allowed by law and/or equity; and

   h. Relief requiring UP to:

   i. Immediately reinstate Mr. Racey to his former position at the applicable rate, including all rights, seniority, and benefits - including

>       applicable overtime – that Mr. Racey would have enjoyed had UP never terminated his employment;
>
>   ii. Permanently post notice of employees' rights under the FRSA in UP workplaces, as required by OSHA; and
>
>   iii. Train its employees and officers on employees' rights under the FRSA.

**ANSWER:** **Defendant contest any claim of injury or damages made pursuant to the Federal Rail Safety Act (FRSA), codified at 49 U.S.C. §20109, as alleged in Paragraph 23 of the Complaint. Defendant admits that Complainant was subject to a formal investigation, as provided for by collective bargaining agreement with his union, but Defendant specifically denies that any such investigation or subsequent action in any way was discriminatory, retaliatory, or in violation of the FRSA.**

24. Mr. Racey also demands for punitive damages not to exceed $250,000 under 49 U.S.C. §20109(e)(3) to punish UP for it unlawful activity and to deter UP from engaging in such unlawful activity in the future.

**ANSWER:** **Defendant contest any claim of injury or damages made pursuant to the Federal Rail Safety Act (FRSA), codified at 49 U.S.C. §20109, as alleged in Paragraph 24 of the Complaint. Defendant admits that Complainant was subject to a formal investigation, as provided for by collective bargaining agreement with his union, but Defendant specifically denies that any such investigation or subsequent action in any way was discriminatory, retaliatory, or in violation of the FRSA.**

## Demand for Trial by Jury

25. Mr. Racey hereby makes and files a written demand for a trial by jury in this action on all issues so triable per 45 U.S.C. §§ 51-60, 49 U.S.C. §20109(d)(3), and/or any other controlling authority.

**ANSWER:** **Defendant demands trial by jury.**

WHEREFORE, Union Pacific Railroad Company, having fully answered Plaintiff's Original Complaint, prays this court for an Order dismissing Plaintiff's Original Complaint with prejudice, and for whatever other further relief this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

NOW COMES Defendant, Union Pacific Railroad Company ("Union Pacific"), by and through its attorneys, and for its affirmative defenses, states as follows:

### Count I: Federal Employers Liability Act

A. Union Pacific denies all allegations in Plaintiff's Original Complaint which are not specifically admitted herein.

B. Union Pacific states that Plaintiff's Original Complaint fails to state a claim upon which relief may be granted.

C. Union Pacific states that Plaintiff's claims fail, in whole or in part, to the extent they seek relief that is not available under the statute pursuant to which they seek relief and/or are not supported by the relevant facts.

D. Union Pacific states that Plaintiff has failed to properly mitigate his damages, if any.

E. Union Pacific states that Plaintiff had a duty to exercise ordinary care for his own safety and failed to exercise such care.

F. Union Pacific states that Plaintiff's actions may have caused or contributed to cause his damages, and that his recovery, if any, should be reduced by the percentage by which his own actions contributed to his damages.

G. Union Pacific reserves the right to rely on affirmative defenses that may be available or apparent during the course of discovery and reserves the right to amend its Answer to assert any such defense.

### Count II: Federal Rail Safety Act

H. Complainant fails to state a claim upon which relief can be granted. Respondent did not take any adverse employment action against Complainant due, in whole or in part, to any protected activity by Complainant as defined by the Federal Rail Safety Act, codified at 49 U.S.C. §20109.

I. A claim for relief pursuant to the Federal Rail Safety Act, codified at 49 U.S.C. §20109, must be filed within 180 days of the alleged retaliatory conduct. Complainant filed his original Complaint before the Occupational Safety and Health Administration (OSHA) on November 29, 2017. Accordingly, any alleged discriminatory conduct occurring before June 2, 2017 is not timely and must be excluded as a matter of law.

Respectfully submitted,

_____
Fred S. Wilson
Federal ID# 22482
Doris Beutel Borth
Federal ID #7177
Union Pacific Railroad Company
24125 Old Aldine Westfield Road
Spring, TX 77373
(281) 350-7249
fredwilson@up.com
dabeutel@up.com

ATTORNEY FOR DEFENDANT,
UNION PACIFIC RAILROAD COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of May, 2019 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. In addition, the following counsel of record was served by electronic service:

    Clint E. McGuire
    TBN: 24013139
    Federal ID: 25560
    17227 Mercury Drive, Suite B
    Houston, Texas 77058
    Telephone: (281) 286-9100
    Facsimile: (281) 286-9105

_____
Fred S. Wilson